SAMUEL S. FRANKENSTYNE, Plaintiff, *v.* INTERNATIONAL GERMANIC TRUST COMPANY, Defendant.

City Court of New York, New York County, April 11, 1930.

*Lesser & Ippolito*, for the plaintiff.

*Wise, Shepard & Haughton*, for the defendant.

NOONAN, J.   The action is brought by the plaintiff to recover the amount of a check made by the plaintiff to the order of the defendant and which was delivered by the plaintiff to one Leo Tolk, who in turn delivered it to the defendant.   The check was indorsed by the defendant and by Tolk, and the defendant collected the check through the usual banking channels and deposited the proceeds to the account of Tolk, who was one of its depositors.   In the moving affidavit it is alleged that prior to the commencement of the action, Tolk had purchased certain shares of stock of the United Founders, Inc., which he represented were being carried for the plaintiff by the defendant.   This allegation is not included in the complaint.   It is then alleged in the moving affidavit, as well as in the complaint, that Tolk represented to the plaintiff that the defendant had demanded $2,500 as additional margin for carrying said shares of stock for plaintiff's account, and that thereupon the plaintiff made out the check in suit payable to the defendant. It is further alleged that the defendant bank on receipt of the check from Tolk credited the amount of the check to the account of Tolk instead of applying the same as margin or collateral for the carrying of the said stock for the use and benefit of the plaintiff.   It is then concluded that by reason of such indorsement and transfer of funds by the defendant, without consideration to the plaintiff, and without his consent or authority, the defendant received payment of the said check from the bank on which it was drawn, for the use and benefit of the plaintiff, which said sum the defendant retains after due demand by the plaintiff upon it for payment.

Apparently the complaint attempts to allege a fraudulent act on

the part of Tolk who received the check upon a false statement made to the plaintiff. There is no allegation in the complaint that the defendant knew of this alleged fraud or was in any way connected with it. From the opposing affidavit it appears that the check was delivered to the defendant by Tolk, who requested that it be collected and credited to his account with the defendant.

The check was made payable to the defendant, but this is not an unusual circumstance, as it often happens that checks are drawn in this way instead of directly to the order of the depositor.

The defendant claims that it received the check in good faith, believing that its proceeds belonged to Tolk.

According to the defendant, the plaintiff did not have any account with it, it did not loan any money to the plaintiff, and at no time was it carrying for the plaintiff any stock of the United Founders, Inc. Tolk submits an affidavit in which he says that the check was given to him by the plaintiff in payment of an indebtedness, and that he did not make the alleged fraudulent representation claimed by the plaintiff.

The motion made by the plaintiff, for summary judgment, must be denied. Certainly on the plaintiff's complaint, the defendant is not liable to the plaintiff as a matter of law for the proceeds of this check.

The defendant makes a counter motion for judgment on the pleadings. The complaint, as already stated, alleges that Tolk received the check on a false representation. The plaintiff acting on this false representation made the check payable to the defendant. There is no allegation of any relationship between the plaintiff and the defendant, and there is no claim that the defendant knew of the alleged fraud of Tolk. The defendant had the right under such circumstances to receive the check from Tolk, although made payable to its order, and to credit its proceeds to Tolk's account on the latter's request.

In my judgment, the complaint fails to state a cause of action, and the defendant's motion for judgment on the pleadings is granted, with leave to the plaintiff to serve an amended complaint within six days after service of the order with notice of entry thereof, on payment of ten dollars costs.